1586

MANAGEMENT RECRUITERS OF GREENVILLE, Respondent v.
R.J.R. MECHANICAL, INC., Appellant.

(404 S.E. (2d) 908)

Court of Appeals

*Richard H. Rhodes*, Spartanburg, *for appellant.*

*Douglas F. Dent,* Greenville, *for respondent.*

Heard Nov. 7, 1990.

Decided Jan. 7, 1991.

GARDNER, Judge:

Management Recruiters of Greenville (Recruiters) sued R.J.R. Mechanical, Inc. (R.J.R.) for violating the South Carolina Personnel Placement Services Act, specifically, S.C. Code Ann. § 41-25-70(c) (1976).[1] The jury found for Recruiters, and the trial judge, applying § 41-25-100(a),[2] trebled the damages and awarded attorney fees. We affirm.

## ISSUE
The only issue presented is whether the trial judge erred in trebling damages and awarding attorney fees.

## FACTS
Considering the facts in a light most favorable to Recruiters, Recruiters referred Jake Joy to R.J.R. as a candidate for a job. After at least two interviews and some telephone conversations, Joy was hired by R.J.R.

There is evidence of record to support the proposition that R.J.R. interviewed and employed Joy as the result of the re-

---

[1] Section 41-25-70. Any person or employer seeking employees or a person seeking employment shall not:

\* \* \* \* \* \*

(c) Intentionally or knowingly refuse to pay any fee due to a private personnel placement service for placement services rendered.

[2] § 41-25-100. Liability for violations; remedies.
(a) A person who knowingly violates §§ 41-25-50, 41-25-60, 41-25-70, and 41-25-80 is liable to the person adversely affected by the violation for three times the amount of actual damages incurred plus court costs and reasonable attorneys' fees.

ferral by Recruiters, and that there was an arrangement for a fee according to Recruiters' fee schedule, which is of record.

The case was tried by a jury which returned a verdict of $12,000 in favor of Recruiters. R.J.R. concedes the jury found that R.J.R. had in fact "intentionally or knowingly" refused to pay the placement fee to Recruiters as required by S.C. Code Ann. § 41-25-70.

## DISCUSSION

We reject R.J.R.'s contention that the trial court failed to make an independent finding that it had violated § 41-25-70(c).

A careful reading of the appealed order convinces us that the clear implication and intent of the appealed order is to hold that R.J.R. knowingly and intentionally violated § 41-25-70. The trial court, however, found this:

> Having found that the defendant knowingly violated § 41-25-100, the defendant is ordered to pay plaintiff as follows: (1) treble damages in the amount Thirty-Eight Thousand seven hundred ($38,700) dollars . . . and court costs in the amount of Thirty-Five ($35) dollars.

While on first blush it appears that the trial judge misunderstood the fact that under § 41-25-100, there must be a finding that § 41-25-70 was knowingly violated by the defendant, we do not think this to have been the case. A careful reading of the entire order constituting the judgment convinces us that the trial judge found that R.J.R.'s agent, Bowman, knowingly and intentionally violated § 41-25-70. The trial judge held: "Bowman must have known the offer remained opened and it was accepted unilaterally by his hiring Joy."

The determinative factor in construing a judgment is the intent of the judge who wrote it, as gathered not from an isolated part of the judgment, but from all parts thereof. *Weil v. Weil*, 299 S.C. 84, 382 S. E. (2d) 471 (Ct. App. 1989). Under this rule, we hold that the appealed order, considered as a whole, found that R.J.R. knowingly violated § 41-25-70 and for that reason the trial judge trebled damages and awarded attorney fees.

We further reject R.J.R.'s argument that because it in good faith believed that no contract existed between itself and Re-

cruiters, the trial judge could not award treble damages. We reject this argument; the finding of the jury as to this precise issue[3] is dispositive of this contention.

## CONCLUSION

For the above reasons, the appealed order is affirmed.

Affirmed.

SANDERS, C.J., and GOOLSBY, J., concur.

---

[3] The pleadings in the suit formed the issue of contract or no contract. The jury found for Recruiters thereby deciding whether the parties had had a meeting of the minds.